## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDY NORRIS, AS PERSONAL REPRESENTATIVE OF DECEDENT, ERNEST J. WILLIAMS, JR.** | **CIVIL ACTION NO.** |
| | **SECTION ""** |
| **VERSUS** | **MAGISTRATE** |
| **SEACOR MARINE LLC, SECOR LIFTBOATS LLC, TALOS ENERGY LLC, AND SEMCO, L.L.C.** | ***JURY TRIAL REQUESTED*** |

### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes BRANDY WILLIAMS NORRIS, as Administratrix and personal representative of the estate of ERNEST J. WILLIAMS, JR., decedent; a person of the full age of majority and a citizen of the State of Louisiana, who files this Complaint against SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, TALOS ENERGY LLC, and SEMCO, L.L.C. for personal injury and wrongful death damages, and in support thereof would show unto the Court the following:

I.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1) and (2).

II.

This case is brought pursuant to the admiralty law known as the as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. § 30104, Longshore and Harbor Workers' Compensation Act 33 U.S.C. § 905(b); and the General Maritime Law of the United States, and Plaintiff brings this suit pursuant to the "saving to suitors" clause of the

1

United States Constitution and all applicable laws and ordinances of the United States of America and State of Louisiana.

III.

Plaintiff, BRANDY WILLIAMS NORRIS, is the duly appointed personal representative/administrator of the estate of the Decedent, ERNEST J. WILLIAMS, JR.

IV.

Made Defendants herein are:

a.    SEACOR MARINE LLC is a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Morgan City, Louisiana;

b.    SEACOR LIFTBOATS LLC is a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Morgan City, Louisiana;

c.    TALOS ENERGY LLC, is a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Houston, Texas; and

d.    SEMCO, L.L.C., is a Louisiana limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Lafitte, Louisiana.

**A. <u>JONES ACT</u>**

V.

At all times mentioned herein, SEACOR MARINE LLC and SEACOR LIFTBOATS LLC, and TALOS ENERGY LLC owned, owned *pro hac vice*, operated, chartered, controlled,

2

commissioned, and/or crewed the *SEACOR POWER*, a self-propelled lift boat built by SEMCO, L.L.C.

## VI.

That ERNEST J. WILLIAMS, JR., decedent, at all times mentioned herein, had a longstanding employment with Mako Catering, LLC as a galley hand or cook with more than 30% of his work assignments on vessels, including assignments to work as a galley hand or cook on vessels owned, owned *pro hac vice*, operated and/or controlled by SEACOR MARINE LLC and/or SEACOR LIFTBOATS LLC; qualifies as a Jones Act seaman, and on April 13, 2021, ERNEST J. WILLIAMS, JR. was assigned to the *SEACOR POWER* as a galley hand or cook.

## VII.

On the morning of April 13, 2021, the *SEACOR POWER* was docked in Port Fourchon for servicing, inspection, and repairs and to take on supplies and equipment for delivery and use offshore.

## VIII.

On April 13, 2021, prior to the departure of the *SEACOR POWER* from Port Fourchon, the National Weather Service issued a series of marine warnings of dangerous conditions for locations in southeast Louisiana, including Port Fourchon, with a significant weather event moving into coastal Louisiana and into the direct path of the voyage of the *SEACOR POWER*.

## IX.

Despite these warnings and with a willful and wanton disregard for the safety of its employees and crew, the *SEACOR POWER*, at the direction and control of SEACOR MARINE LLC, and/or SEACOR LIFTBOATS LLC, who knew or should have known of the

3

deteriorating and dangerous conditions, embarked Port Fourchon, Louisiana, at approximately 2:12 p.m. on April 13, 2021.

### X.

As the weather conditions continued to deteriorate, the *SEACOR POWER,* which at this point was approximately eight miles offshore in the Gulf of Mexico, began to take on water and capsized at approximately 4:30 p.m. on April 13, 2021.

### XI.

That as a direct result of the capsizing of the *SEACOR POWER*, Decedent Ernest J. Williams, Jr. entered the sea, fought for his life, and died. His body was found several days later floating in the sea.

### XII.

The untimely death of Decedent, Ernest J. Williams, Jr. was proximately caused by the legal fault, negligence, carelessness and omission of duty on the part of Defendants, SEACOR MARINE LLC and SEACOR LIFTBOATS LLC, without any legal fault, negligence, carelessness, or omission of duty on the part of Decedent causing, or in any way contributing thereto.

### XIII.

The legal fault, negligence, carelessness, and omission of duty on the part of Defendants, SEACOR MARINE LLC and/or SEACOR LIFTBOATS LLC, consist of the following acts and omissions:

    a.      Failing to use reasonable care under the circumstances;

    b.      Failing to appreciate the deteriorating and dangerous weather conditions for the voyage prior to the vessel leaving port;

c.  Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to the vessel leaving port;

d.  Putting undue pressure upon the captain and crew to depart Port Fourchon despite knowledge of a dangerous weather system within the path of its voyage;

e.  Failing to provide captain and crew with updated National Weather Service marine warnings and intentionally misleading the captain and crew to depart from Port Fourchon without knowledge of the dangerous weather system within the path of its voyage;

f.  Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

g.  Failing to provide Decedent with a reasonably safe and non-hazardous workplace;

h.  Failing to operate the vessel in a safe manner;

i.  Failing to provide safe egress;

j.  Failing to prevent capsizing of the *SEACOR POWER*; and

k.  Other acts of fault, negligence and/or omissions to be shown at trial herein after sufficient discovery and proper notice to the parties and the Court.

### XIV.

As a result of all negligent acts, fault and/or omissions of SEACOR MARINE LLC and/or SEACOR LIFTBOATS LLC, Petitioner seeks all damages as are reasonable in the premises, which consist of, but are not limited to, the following:

a.  All losses caused by the wrongful death of Ernest J. Williams, Jr.;

b.  Decedent's pre-death emotional and physical pain and suffering;

5

c.      Loss of Decedent's services, support, guidance, nurturing, care and instruction, and society;

d.      Mental distress and anguish;

e.      Loss of support from Decedent's past and future wages including but not limited to loss of salary and fringe benefits;

f.      Loss of pension, social security, and inheritance rights;

g.      Loss of assistance with education expenses;

h.      Funeral and burial expenses;

i.      Costs of court;

j.      Pre and post judgment interest; and

k.      Any and all other damages allowed by law.

## B. UNSEAWORTHINESS

### XV.

Plaintiff re-avers and re-alleges each and every allegation previously pled herein as if re-pled in their entirety.

### XVI.

At all times mentioned herein, SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, and/or TALOS ENERGY LLC owned, owned *pro hac vice*, operated, chartered, commissioned, controlled and/or crewed the *SEACOR POWER*, a self-propelled lift boat built by SEMCO, L.L.C. to which ERNEST J. WILLIAMS, JR. was at all times mentioned qualifies as a Jones Act seaman, performing his duties as a galley hand or cook aboard said vessel, working in the interest of said Defendants, who are liable as follows:

6

XVII.

At all times pertinent hereto, the *SEACOR POWER* was unseaworthy in one of more of the following respects:

a.  The vessel and all of its equipment and appurtenances were not safe for the performance of the operations in question;

b.  The vessel and all of its equipment and appurtenances were not reasonably fit for its intended purpose;

c.  The vessel and all of its equipment and appurtenances were inadequately maintained; and

d.  Other acts of fault, negligence and/or omissions to be shown at trial herein after sufficient discovery and proper notice to parties and the Court.

XVIII.

That as a direct result of the capsizing of the *SEACOR POWER*, Decedent Ernest J. Williams, Jr. entered the sea, fought for his life, and died.  His body was found several days later floating in the sea.

## C. <u>LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT §905(b)</u>

XIX.

Plaintiff re-avers and re-alleges each and every allegation previously pled herein as if re-pled in their entirety.

XX.

In the alternative, at all times mentioned herein, ERNEST J. WILLIAMS, JR., a longtime employee of Mako Catering, LLC as a galley hand or cook, was assigned to work as

7

a galley hand or cook on the *SEACOR POWER*, a vessel owned, owned *pro hac vice*, operated and/or actively controlled by SEACOR MARINE LLC and/or SEACOR LIFTBOATS LLC; qualified as a seafarer under LHWCA 33 U.S.C. §905(b); and on April 13, 2021, ERNEST J. WILLIAMS, JR. was assigned to the *SEACOR POWER* as a galley hand or cook.

## XXI.

The legal fault, negligence, carelessness, and omission of duty on the part of Defendants, SEACOR MARINE LLC and/or SEACOR LIFTBOATS LLC, consist of the following acts and omissions:

a.    Failing to exercise reasonable care to make the vessel, which was under their active control at all times material hereto, safe for Decedent, Ernest J. Williams, Jr.;

b.    Failing to exercise due care to avoid exposing Decedent, Ernest J. Williams, Jr. to harm from hazards he encountered aboard the vessel which was under their active control at all times material hereto;

c.    Failing to use reasonable care under the circumstances;

d.    Failing to appreciate the deteriorating and dangerous weather conditions for the voyage prior to the vessel leaving port;

e.    Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to the vessel leaving port;

f.    Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

g.    Failing to provide Decedent with a reasonably safe and non-hazardous workplace;

h.      Failing to operate the vessel in a safe manner;

i.      Failing to provide safe egress;

j.      Failing to prevent capsizing of the *SEACOR POWER*; and

k.      Other acts of fault, negligence and/or omissions to be shown at trial herein after sufficient discovery and proper notice to the parties and the Court.

XXII.

As a result of all negligent acts, fault and/or omissions of SEACOR MARINE LLC and/or SEACOR LIFTBOATS LLC, Petitioner seeks all damages as are reasonable in the premises and allowed under §905(b) of the LHWCA.

## D. NEGLIGENT DESIGN/PRODUCT LIABILITY

XXIII.

Plaintiff re-avers and re-alleges each and every allegation previously pled herein as if re-pled in their entirety.

XXIV.

The legal fault, negligence, carelessness, and omission of duty on the part of Defendant, SEMCO, L.L.C., consist of the following acts and omissions:

a.      Failing to design and/or build and/or deliver a seaworthy vessel in the *SEACOR POWER*;

b.      Failing to build a seaworthy vessel in the *SEACOR POWER*;

c.      Failing to deliver a vessel fit for its intended purpose;

d.      Failing to warn SEACOR MARINE LLC and SEACOR LIFTBOATS LLC that the *SEACOR POWER* was incapable of withstanding the seas and weather conditions it encountered without capsizing;

9

e.      Other acts of fault, negligence and/or omissions to be shown at trial herein after

sufficient discovery and proper notice to parties and the Court.

Further, the *SEACOR POWER*, by virtue of its design and/or construction, was

defective and unreasonably dangerous for its normal, intended use, that the defect in design

and/or construction existed when the vessel left the control of SEMCO, L.L.C., and the

defective design and/or construction resulted in the death of Decedent, Ernest J. Williams, Jr.

This cause of action is brought pursuant to the general maritime law.

## E. RES IPSA LOQUITUR

### XXV.

Plaintiff re-avers and re-alleges each and every allegation previously pled herein as if

re-pled in their entirety.

### XXVI.

That, in addition and/or in the alternative, to each and every allegation of legal fault,

negligence, carelessness, or omission of duty on the part of Defendants set out above, Plaintiff

pleads and is entitled to rely upon the doctrine of *res ipsa loquitur*.

### XXVII.

As a result of all negligent acts, fault and/or omissions, unseaworthiness, and negligent

design and/or construction set forth in this Complaint, and the resulting death of Decedent,

Ernest J. Williams, Jr., Defendants, SEACOR MARINE LLC and/or SEACOR LIFTBOATS

LLC and/or TALOS ENERGY LLC and/or SEMCO, L.L.C., are liable unto Plaintiff for all

damages as are reasonable in the premises, which consist of, but are not limited to, the

following:

a.      All losses caused by the wrongful death of Ernest J. Williams, Jr.;

b.  Decedent's pre-death emotional and physical pain and suffering;

c.  Loss of Decedent's services, support, guidance, nurturing, care and instruction, and society;

d.  Mental distress and anguish;

e.  Loss of support from Decedent's past and future wages including but not limited to loss of salary and fringe benefits;

f.  Loss of pension, social security, and inheritance rights;

g.  Loss of assistance with education expenses;

h.  Funeral and burial expenses;

i.  Costs of court;

j.  Pre and post judgment interest; and

k.  Any and all other damages allowed by law.

## F. **PUNITIVE DAMAGES**

### XXVIII.

Plaintiff re-avers and re-alleges each and every allegation previously pled herein as if re-pled in their entirety.

### XXIX.

That at all times mentioned herein SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, and/or TALOS ENERGY LLC, despite knowing of the dangerous weather conditions within the path of the voyage of the *SEACOR POWER*, intentionally mislead the captain and crew of the SEACOR POWER by withholding from them the updated National Weather Service marine weather warnings and updates and instead provided the captain and crew with only the daily forecast provided by during the early morning of April 13, 2021.

11

XXX.

Further, SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, and/or TALOS ENERGY LLC intentionally and willfully placed undue pressure on the Captain and crew to embark port knowing the vessel was to head directly into deteriorating and dangerous weather conditions.

XXXI.

Defendants, SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, and/or TALOS ENERGY LLC, acted with flagrant, reckless disregard for the life and safety of the Deceased, Ernest J. Williams, Jr., and as such were grossly negligent and liable for punitive or exemplary damages.

XXXII.

Plaintiff requests a trial by jury.

**WHEREFORE**, BRANDY WILLIAMS NORRIS, as Administratrix and personal representative of Decedent, ERNEST J. WILLIAMS, JR., prays that after due proceedings are had, there be judgment entered for Plaintiff against Defendants, SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, TALOS ENERGY LLC, and SEMCO, L.L.C. for all damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, for trial by jury, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

MORRIS BART, L.L.C.
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 599-3225
FACSIMILE: (800) 420-5790
E-MAIL: glieberman@morrisbart.com
E-MAIL: dsnellings@morrisbart.com
E-MAIL: sgulden@morrisbart.com
E-MAIL: jlieberman@morrisbart.com


BY: */s/ Glenn Lieberman*
GLENN LIEBERMAN, NO. LA 19442
DANIEL B. SNELLINGS, NO. LA 20004
A. SPENCER GULDEN, NO. LA 23110
JORDAN A. LIEBERMAN, NO. LA 38818


**PLEASE SERVE:**

**SEACOR MARINE LLC**
Through its agent for service of process:
National Registered Agents, Inc.
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**SEACOR LIFTBOATS LLC**
Through its agent for service of process:
National Registered Agents, Inc.
3867 Plaza Tower Drive
Baton Rouge, LA 70816

13

**TALOS ENERGY LLC**
Through its agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**SEMCO, L.L.C.**
Through its agent for service of process:
John Powers
186 Jean Lafitte Boulevard
Lafitte, LA 70067